[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO BIFURCATE (#110)
The defendant moves to bifurcate the count one, breach of contract, claim from the remaining counts. The defendant cites to Khanthavong v.Allstate Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324502 (December 3, 1996, Levin, J), as authority for the proposition that bifurcation is appropriate where the allegations in the complaint, consisting of an uninsured motorist claim, breach of the covenant of good faith and fair dealing, and violations of CUIPA and CUTPA, are joined. Although the plaintiff objects to this motion, he has stated in his memorandum of law in opposition that he has no objection "to the bifurcation of the first count from counts two though five, to the extent that said first count is tried before the others." (Plaintiffs Memorandum of Law in Opposition to Defendant's Motion to Bifurcate, p. 3.)
"A trial court may order that one or more issues that are joined be tried before the others . . . Bifurcation of trial proceedings lies solely within the discretion of the trial court. . . . The interests served by bifurcated trials are convenience, negation of prejudice and judicial efficiency. . . . Bifurcation may be appropriate in cases in which litigation of one issue may obviate the need to litigate another issue." (Citations omitted; internal quotation marks omitted.) Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., 243 Conn. 401,423, 703 A.2d 1132 (1997); see General Statutes § 52-205;[1]
Practice Book § 15-1.[2]
Resolution of the count one claim for breach of contract may be dispositive of the remaining claims. Thus, convenience, negation of prejudice and judicial efficiency warrant that this count be tried first, during the jury phase of the trial. Accordingly, pursuant to General Statutes § 52-205 and Practice Book § 15-1, the court orders that the trial of the second, third and fourth counts be bifurcated, in part, from the trial of the breach of contract action. Specifically, the count CT Page 497 one breach of contract claim will be heard first during the actual trial. In the interest of convenience, expense to the parties, and judicial economy, the court further orders, however, that pursuant to Practice Book § 13-5,[3] the discovery phase of the trial is not bifurcated and the parties are to proceed accordingly on all counts of the joined complaint during the discovery phase of the trial. SeeHennessey v. The Travelers Property Cas., Superior Court, judicial district of Danbury, Docket No. CV 98 0332786 (April 14, 1999, Moraghan, J.) (24 Conn.L.Rptr. 368, 373) ("In the present case, bifurcation would be more inconvenient and less efficient because both claims stem from the same transaction, with similar evidence and witnesses. This court concludes that any possible prejudice to the defendant in having both issues tried together is minimal and outweighed by the need for judicial economy.").
 ___________________ Foley, J.